John D. Bennett, S.
In this proceeding the adoption of the infant is contested by the natural father. The petitioner, the present husband of the natural mother, alleges that the child has been abandoned by her father, as a result of which his consent is not necessary to the adoption.
The father and mother of the child were married in 1954 while the father was in the United States Air Force. Apparently, even while the father was. in the Air Force, the couple experienced financial difficulties and were unable to cope with their monetary problems. Upon the father being discharged from the service, the financial situation of the couple became even more critical. Either because of a lack of any special training, a difficulty in rehabilitating himself to civilian life, or a plain lack of initiative, the respondent was apparently unable to secure or retain a meaningful source of employment. During this period, the couple moved in with the father’s parents.
Under the stress of both financial and social pressures, the mother left the home of her in-laws and returned to her parents’ home. Shortly thereafter, in 1957, the mother requested a divorce through an attorney. However, not until 1959 was a separation agreement executed by the parties. Under the provisions of this agreement, the respondent was released from the *941 obligation of support. A divorce followed in the same year, incorporating the terms of the separation agreement.
While in her affidavit annexed to the papers verified June 21, 1962, the mother complains that “ Between 1957 and 1960, he (the respondent) had never sent the child birthday cards nor gifts and had never sent me any funds for her support and in fact, never asked whether I needed any funds from him ”, she was compelled to revise this statement when receipts for money orders in both 1958 and 1959 were produced. Although these money orders are for relatively small amounts, the respondent testified that in 1959 he remarried and that his take-home pay was $45 per week. Moreover, as early as 1957, the mother sought, through an attorney, to gain the respondent’s consent to a divorce, at which time she was willing to release him from the obligation of support. The mother admits that visits were made to the child by the father both in 1960 and 1962.
Under all the circumstances, the petitioner’s burden of establishing abandonment by a demonstration on respondent’s part of a settled purpose to be rid of all parental obligations and to forego all parental rights, has not been met (People ex rel. Anonymous v. Anonymous, 10 N Y 2d 332; Matter of Maxwell, 4 N Y 2d 429). There is here presented no picture of callous disregard or of complete indifference such as would warrant a severance of blood ties. The petition is accordingly dismissed.